UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                     Criminal No. 20-cr-20448

v.

                                    Honorable Robert H. Cleland

D-8  Demonte Foster,

        Defendant.
_____/

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, together with defendant Demonte Foster, by and through his attorney, R. Michael Bullotta, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1. On November 4, 2020, the defendant was charged in Count One of a Superseding Indictment with Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d).  (ECF No. 34). The Superseding Indictment contained a Forfeiture Allegation providing notice that upon conviction of the charged offense the defendant shall forfeit to the United States (a) any and all interest Defendant has acquired or maintained in violation of 18 U.S.C. § 1962; (b) any and all interest in, security of, claim against, or property or contractual right of any kind affording a

source of influence over any enterprise which the defendant established, operated, controlled, conducted, or participated in the conduct of in violation of 18 U.S.C. § 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly and indirectly, from racketeering activity in violation of 18 U.S.C. § 1962.

2. On or about December 8, 2022, the United States filed a Second Forfeiture Bill of Particulars to more specifically identify the property to be forfeited (ECF No. 28). Relevant to Defendant Demonte Foster, the Second Forfeiture Bill of Particulars provided notice of the government's intent to forfeit the following property ("Subject Property"):

   a. One HS Produkt (IM Metal), .40 caliber pistol, Model: XD40, Serial No. US460033;

   b. One Glock GMBH, .40 caliber pistol, Model: 23, Serial No. NKA521, with Magazine;

   c. One Silver Apple iPhone cell phone, Model & S/N: unknown;

   d. One Silver Apple iPhone 6 cell phone, Model & S/N: unknown;

3. On May 24, 2022, the defendant pleaded guilty to Count One, Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d).

4. The defendant acknowledges that the Subject Property was used or intended to be used to commit or promote the commission of his offense, and/or that is derived from proceeds obtained, directly or indirectly, from his offense.

5. The defendant acknowledges that he understands that forfeiture of assets is part of the sentence that may be imposed on him in this case, and waives his right to challenge any failure by the Court to advise him of this, under Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a), or otherwise, at the time his guilty plea was accepted and when his sentence is announced by the Court.

6. The defendant agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and that this Order shall become final as to him at the time of entry.

7. The defendant's counsel, Michael Bullotta affirms that he has discussed this Stipulated Order with the defendant and that the defendant consents to the entry of the Stipulated Order of Forfeiture.

Based on the Superseding Indictment, the Government's Second Forfeiture Bill of Particulars, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 1963, and Federal Rule of Criminal Procedure 32.2, the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of the defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in the Subject Property is **FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture and under 18 U.S.C. § 1963(1), Rule 32.2, and

other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty days of the final date of publication of notice or within thirty days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 18 U.S.C. § 1963(1), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in

4

accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that under Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to the defendant at entry and forfeiture of the Subject Property shall be made part of defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that if no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2) and/or 18 U.S.C. § 1963, then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and/or 18 U.S.C. § 1963, and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture which addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended Order of Forfeiture that addresses the disposition of any third

party petition(s), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Respectfully submitted,

DAWN N. ISON
United States Attorney

| | |
|---|---|
| s/ Gjon Juncaj | s/R. Michael Bullotta, (with Consent) |
| GJON JUNCAJ | R. MICHAEL BULLOTTA |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort St., Ste. 2001 | 615 Griswold, Suite 1620 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-0209 | (313) 400-5776 |
| Gjon.juncaj@usdoj.gov | michael@bullottalaw.com |
| | |
| Dated: January 20, 2023 | Dated: January 20, 2023 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: January 23, 2023

 s/Robert H. Cleland
HONORABLE ROBERT H. CLELAND
United States District Judge